# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALICE M. SHUMAN, a/k/a Alice M. Smith-Shuman,<br><br>     Plaintiff,<br><br>v.<br><br>MINDY M. BEARE, Special District Judge, Pittsburg County District Court,<br><br>     Defendant. | Case No. CIV-24-201-RAW-JAR |

### FINDINGS AND RECOMMENDATION

This matter comes before the Court on the evaluation of Plaintiff's Complaint *sua sponte* for federal jurisdiction. Plaintiff, acting *pro se*, commenced this action in this Court on June 13, 2024. Plaintiff attempts to invoke the provisions of the Indian Child Welfare Act, 25 U.S.C. § 1901, *et seq.* ("ICWA"). She alleges that her son is subject to the provisions of the ICWA and that Defendant continues to exercise jurisdiction over the child. The Complaint does not specify the precise relief Plaintiff is requesting from this Court.

Plaintiff then filed two *ex parte* motions with this Court. The first seeks for this Court to "stay" the actions of Defendant in exercising jurisdiction over the child in a state court case currently pending and identified as FP-2016-54. The second motion requests that this Court award Plaintiff custody of the child and order that he be returned to Plaintiff.

First and foremost, this Court must possess the requisite jurisdiction to adjudicate the claims asserted in this action. This Court takes judicial notice of the state court case which Plaintiff's Complaint and subsequent filings identify and reference. The case of <u>Alice M. Shuman v. Jason L. Routledge</u>, Dist. Court No. FP-2016-54 was commenced by the same Plaintiff as in the case before this Court on December

1

2, 2016, seeking a determination under the Oklahoma Uniform Parentage Act, Okla. Stat. tit. 10 §7700-101, *et seq*.  Plaintiff sought a determination of paternity of the minor child BFLR to the named Defendant, Jason L. Routledge.  Plaintiff also sought a determination that custody of BFLR should reside with her.  Plaintiff also sought a determination of child support under Oklahoma law.

Plaintiff expressly stated in the Petition that 1) "it is in the best interest of the parties' minor child that this [Pittsburg County District] Court assume custody, visitation and support jurisdiction under said acts . . . ." (*see* Petition at ¶ 5(B)); and 2) "[n]either Oklahoma's Indian Child Welfare Act, 10 O.S. § 40.1 et seq., **nor the federal Indian Child Welfare Act, 25 U.S.C. § 1901 et seq., apply to this proceeding."** (*see* Petition at ¶ 5(C)).  Indeed, at a much later date, on April 24, 2019, an Order of the state court again found that the ICWA did not apply to that proceeding – an order approved by Plaintiff.  Further, Plaintiff attempted to have the state court apply the ICWA and that court expressly determined at a hearing conducted September 23, 2023 that the ICWA "does not apply to this proceeding."

The Court would note that a review of the docket for FP-2016-54 reveals that, after an involved and extensive process, custody of BFLR was awarded to Defendant Routledge due to various actions by Plaintiff such as drinking alcohol, smoking marijuana, and failing to supervise the child such that law enforcement was called to Plaintiff's home.  Further, after a visitation of the child with Plaintiff, the child was not returned to the custodial parent and a writ of assistance was issued on June 24, 2024 by the court directing that law enforcement take possession of the child and deliver him to Defendant Routledge. Neither Plaintiff nor the child were located, however.

On the face of the state court Petition, Plaintiff alleges that jurisdiction appropriately lies not in this Court but rather in the District Court in and for Pittsburg County, Oklahoma.  It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).  Because federal courts are courts of limited jurisdiction, a court, sua sponte, . . . may challenge subject matter jurisdiction at any stage of the proceedings. Harris v. Illinois-California Exp., Inc., 687 F.2d 1361, 1366 (10th Cir. 1982).

Whenever the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. *See* Tuck v. United Services Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). The party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction and "must allege in his pleading the facts essential to show jurisdiction." United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995)(citation and internal quotations omitted). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, *see* Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, *see* United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001).

In this case, Plaintiff has expressly asserted and established that jurisdiction appropriately lies in the state court and denied the applicability of the ICWA. She cannot take an inconsistent position in this Court because she is displeased with the rulings in the prior proceeding. Moreover, the state court expressly determined in an unappealed order that the ICWA did not apply to the case. Accordingly, dismissal of the case in this Court is appropriate due to a lack of jurisdiction.

Because the primary basis for dismissal lies in a lack of jurisdiction, Plaintiff will not be permitted to file any documents in this proceeding except for an objection to these Findings and the Recommendation of dismissal until the presiding United States District Judge has had an opportunity to consider this ruling and any objection to it.

IT IS THEREFORE RECOMMENDED that this action be **DISMISSED** as this Court lacks jurisdiction over it.

Plaintiff is given fourteen (14) days from the date of the service of these Findings and Recommendation to file any objections with the Clerk of the court. Any such objection shall be limited to ten (10) pages in length. Failure to object to these Findings and Recommendation within fourteen (14) days will preclude review of this decision by the District Court.

IT IS SO ORDERED this 4th day of March, 2025.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE